**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

STRAUSS FARMS, INC.,

        Plaintiff,

vs.                           **Case No. 03-4046-RDR**

BURLISON GIN COMPANY, INC.

        Defendant.

**MEMORANDUM AND ORDER**

On September 1, 2005, a jury returned a verdict which found that defendant breached an implied warranty of merchantability which led to a fire in plaintiff's farm storage building and caused damages in the sum of $150,000.00. The pretrial order in this case listed plaintiff's damages as $89,512.30 ($30,170.00 for repairs to the barn and $59,342.30 for losses of feed and equipment stored in the barn). Shortly before trial, plaintiff sought leave to expand the damages claim to $104,512.00 because this figure was consistent with what plaintiff claimed in response to interrogatories. Defendant did not object to this request, and leave to ask for the larger figure was granted. At the same time, plaintiff's counsel noted that a $20,000 settlement had been reached much earlier with another defendant in this case (J.A.K., Inc.). Plaintiff's counsel indicated that the amount of the settlement would be subtracted from any verdict against defendant Burlison Gin Company, Inc.

During the trial, plaintiff asked the jury to return a verdict of $104,525.00. Defendant did not object to or contest the amount of damages plaintiff claimed at trial. As already mentioned, the jury returned a verdict of $150,000.00. Following the announcement of the verdict, the court asked the parties for briefs regarding the amount of the judgment the court should enter in light of the jury's verdict.

Plaintiff has filed a brief asking that the court enter a judgment of $130,000.00. Plaintiff's position is that the court should only deduct the amount of the settlement from the jury verdict before entering a judgment. Plaintiff suggests that Kansas law does not support such a deduction. But, plaintiff maintains that it is willing to hold itself to the position regarding the settlement that it took prior to trial. Plaintiff further contends that the jury was presented with evidence to support a verdict of $150,000, and claims that the pleadings should be amended pursuant to FED.R.CIV.P. 15(b) to include a claim for such damages because the issue was tried "by express or implied consent of the parties."

Defendant has filed a brief and motion for remittitur asking that the court enter a judgment in the amount of $84,525.00. Defendant contends that: plaintiff agreed to the remission of the $20,000 settlement; the evidence does not support damages in

2

excess of $104,525.00; and there was no express or implied consent to support an amendment to the pleadings.

Plaintiff lists ten items of loss for which there was evidence that could support the jury's verdict of $150,000.00. These items include certain farm commodities inside the building, damages to the concrete floors and walls of the building, and labor to remove the fire damaged building and contents. Plaintiff made no express claim of damages for these items at trial. In addition, plaintiff lists other items where the claim plaintiff actually made for damages was rounded down from the specific figure or range of value mentioned in the evidence. This does not account for a substantial amount, however.

FED.R.CIV.P. 15(b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The Tenth Circuit has discussed the test of implied consent under Rule 15(b).

> Implied consent is found where the parties recognized that the issue entered the case at trial and acquiesced in the introduction of evidence on that issue without objection. Under the terms of Rule 15(b), the objection must be on the ground that the evidence is not within the issues raised by the pleadings. Since the purpose of Rule 15 is to bring the pleadings in line with the issues actually tried, it does not permit amendment to include collateral issues which may find incidental support in the

>record.  When the evidence claimed to show that an
>issue was tried by consent is relevant to an issue
>already in the case, and there is no indication that
>the party presenting the evidence intended thereby to
>raise a new issue, amendment may be denied in the
>discretion of the trial court.  Consent will, however,
>be found when the party opposing the amendment himself
>produces evidence on the new issue.  Whether the issue
>was tried by consent is a matter within the sound
>discretion of the trial court whose judgment will only
>be reversed for an abuse of discretion.

Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 457 (10th Cir. 1982)(citations omitted).

The court shall deny plaintiff's request to amend the pleadings to increase the damages claim in this case beyond $104,525.00 for the following reasons.  First, there was no express consent from defendant to increase the damages claim beyond that figure during trial.  Second, the court believes allowing the amendment without defendant's consent would prejudice the defendant.  Defendant chose not to contest plaintiff's claim for damages at trial.  But, it is certainly plausible that defendant could have contested a damages claim of $150,000.00 had defendant known that such a claim was being made. Finally, there was no implied consent.  The Tenth Circuit has held that Rule 15 "does not permit amendment to include collateral issues which may find incidental support in the record."  Id.; Monod v. Futura, Inc., 415 F.2d 1170, 1174 (10th Cir. 1969).  Here, the evidence which plaintiff cites to support

4

an increased claim for damages is evidence which was introduced to support the original claim for damages or plaintiff's claim regarding the cause of the fire. It only "incidentally" supports plaintiff's expanded claim for damages. Therefore, it may not be relied upon to prove implied consent to the amendment of the pleadings.

The final issue to consider is whether the court should set off $20,000.00 from the amount of the judgment entered pursuant to the jury's verdict to account for the settlement plaintiff reached with J.A.K., Inc. This is listed as an issue in the pretrial order in this case. But, as mentioned earlier, both prior to trial and in the post-trial brief, plaintiff's counsel has stated that he made a commitment that the settlement would be set off from the amount of the jury verdict.

"It is well-settled that a court is not bound by stipulations of the parties as to questions of law." Koch v. U.S., 47 F.3d 1015, 1018 (10th Cir.) cert. denied, 516 U.S. 915 (1995) quoting Dimidowich v. Bell & Howell, 803 F.2d 1473, 1477 n.1 (9th Cir. 1986); see also, Equitable Life Assur. Soc. v. MacGill, 551 F.2d 978, 983 (5th Cir. 1977). We agree with plaintiff's counsel's suggestion that Kansas law does not require a court in a comparative fault situation to reduce the judgment against a nonsettling defendant by the amount a

plaintiff has received from a settling defendant.  <u>Glenn v. Fleming</u>, 732 P.2d 750, 755-56 (Kan. 1987).  Nevertheless, the concession to a setoff by plaintiff's counsel appeared to be made in the context of a discussion regarding what the damages claim should be in this case.  There appeared to be general agreement regarding the damages claim.  As mentioned, defendant did not dispute plaintiff's damages claim in any respect during the trial.  Under these circumstances, the court will not exercise its discretion to reject a stipulation by the parties as to setting off the amount of the settlement from the jury's verdict in this case.

Therefore, for the reasons stated above, plaintiff's motion to amend shall be denied, defendant's motion for remittitur shall be granted, and the court shall direct the Clerk to enter judgment on behalf of plaintiff in the amount of $84,525.00.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2005 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge